1  Thomas E. Campagne, #065375
   Campagne & Campagne
2  A Professional Corporation
   Airport Office Center
3  1685 North Helm Avenue
   Fresno, California 93727
4  Telephone: (559) 255-1637
   Facsimile: (559) 252-9617
5  Email: tcampagne@campagnelaw.com

6  Attorneys for Defendants Valle Del Sol and Sun Valley Packing

7                    UNITES STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9                          FRESNO DIVISION

10 ADELA CASTANEDA, and on behalf of ) Case No.
   all others similarly situated,    )
11                                   ) **DEFENDANTS' VALLE DEL SOL AND
                   Plaintiff,        ) SUN VALLEY PACKING'S <u>NOTICE
12                                   ) OF REMOVAL</u> OF STATE COURT
       vs.                           ) CIVIL ACTION TO THE FEDERAL
13                                   ) COURT PURSUANT TO 28 U.S.C.
   VALLE DEL SOL, LLC[1], a California ) §§1332, 1441, AND 1446**
14 Corporation; SUN VALLEY PACKING   )
   L.C.[2], a California Corporation; and DOES )
15 1-10, inclusive,                  )
                                     )
16                 Defendant         )
                                     )
17 _____ )

18 \\\

19 \\\

20 \\\

21 \\\

22 \\\

23 \\\

24 \\\

25 _____

26 [1] Valle Del Sol is incorrectly named herein. It is actually named Valle Del Sol Jones, LLC. Further, Valle Del Sol Jones, LLC is sued herein incorrectly as a Corporation when it in actuality it is a Limited Liability Company (LLC).

27 [2] Also, Sun Valley Packing, L.C. is incorrectly named herein. It is actually named Sun Valley Packing, L.P. It is incorrectly sued as a Corporation when actually it is a Limited Partnership.

28

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF ADELA CASTANEDA AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendants VALLE DEL SOL and SUN VALLEY PACKING ("Defendants"), hereby removes this action (i.e., the "Complaint") from the Superior Court of the State of California for the County of Fresno to the United States District Court for the Eastern District of California at the Fresno Division. Defendant removes this action pursuant to 28 U.S.C. §§1332(d) and 1453 (the <u>Class Action Fairness Act of 2005</u>), 1441, and 1446 on the following grounds:

**I.   THE ATTACHED FIRST AMENDED COMPLAINT (EXHIBIT A) AND ANSWER (EXHIBIT B) ARE NOW REMOVED FROM THE STATE COURT.**

1.   Pursuant to 28 U.S.C. 1446(a), a copy of the Plaintiff's state court two Notice and Acknowledgment of Receipt of Summons and the Complaint are attached hereto together as **Exhibit A**. Also a copy of the state court Answer of Defendants' is attached hereto as **Exhibit B**. Further, a copy of the Notice of Removal filed in state court is attached hereto as **Exhibit C**.

**II.   STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA").**

2.   This court has jurisdiction over this action under the <u>Class Action Fairness Act of 2005</u> ("**CAFA**"), which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court <u>if</u> the proposed class consists of at least 100; the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs; and at least one member or the proposed class is a citizen of a state or county different from the defendant. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446[3]. As demonstrated below, this action meets all of the CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

---

[3] This action is a civil action over which the Court has original jurisdiction under 28 U.S.C § 1332, and which may also be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) which section before the adoption of the Class Action Fairness Act previously required the existence of complete diversity of citizenship between the real parties to this action and an amount in controversy exceeding $75,000.

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 2

### III. STATEMENT OF FACTS REGARDING REMOVAL JURISDICTION UNDER THE "CLASS ACTION FAIRNESS ACT"

### A. TIMELINESS OF THIS PETITION FOR REMOVAL.

3. Regarding timeliness for a Notice to Remove, 28 U.S.C. 1446(b)(1) provides in pertinent part as follows:…"*The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of a summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.*" Further, regarding timeliness of removing a Complaint from state court to federal court, 28 U.S.C. 1446(b)(3) provides in pertinent part:…"*if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*"

4. On or about July 11, 2022, Plaintiff Adela Castaneda ("Plaintiff") filed her Complaint in the Superior Court of the State of California in and for the County of Tulare, entitled, Adela Castaneda, on behalf of herself and all others similarly situated v. Valle Del Sol, LLC, a California Corporation; Sun Valley Packing, L.C., a California Corporation and Does 1 through 10, Tulare County Superior Court Case No.:VCU292443. That Complaint was <u>never served</u> on the Defendants. Further Defendants never received any state court summons on this Original Complaint. Today, the Defendants signed the two Notices of Acknowledgment of Receipt of Summons. The Complaint was not received until August 30, 2022 via email from Plaintiff's counsel.

5. Therefore, pursuant to the above-quoted Removal provision of 28 U.S.C. 1446(b)(1), receipt upon the Defendants…"via service or otherwise" for removal deadline purposes…is calculated at 30 days from August 30, 2022 which is September 29, 2022.

6. This Petition for Removal is filed by Defendants on today, September 14,

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 3

2022. Thus Defendants have met the 30 day timeliness requirement of 28 U.S.C. 1446 as quoted above, since this Petition for Removal was filed before September 29, 2022.

7. Defendants filed their Answer in the state superior court to reply to Plaintiff's Complaint on today, September 14, 2022. A copy of Defendants' state court Answer is removed herewith and that Answer attached hereto as **Exhibit B**.

8. To Defendants' knowledge, as of the date of this Notice of Removal, no other parties have been named or served with a copy of the Summons and Complaint. Defendant Does 1-10 are presently unnamed and unknown and, therefore, there is no information that they have been served with the Complaint. Plaintiff has named as Defendant Does 1 through 10. But for the purposes of removal based on diversity, "*the citizenship of Defendants sued under fictitious names shall be disregarded.*" [28 U.S.C. § 1441(b). See Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed Defendants are not required to join in a removal petition); see also Soliman v. Philip Morris, Inc., 311 F.3d 966, 971 (9th Cir. 2002) (same)]. The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction. [Albrego v. Dow Chemical Co., 443 F.3d 676. 679-80 (9th Cir. 2006) (rule applied to CAFA removal)].

9. There are no hearings or other proceedings in the State Court Action, and Defendant has not received or filed any other papers or pleadings in the State Court Action other than the attached Answer to Plaintiff's Complaint.

10. By filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objections as to venue, the legal sufficiency of claims alleged in the State Court Action Complaint, and all other defenses. Defendants reserve the right to supplement and amend this Notice of Removal.

## B. THE PURPORTED PUTATIVE CLASS CONSISTS OF AT LEAST 100 MEMBERS.

11. Section 4 of the Class Action Fairness Act (CAFA) [28 U.S.C. §§ 1332(d), 1453, and 1711-1715] requires at 28 U.S.C. 1332(d)(2) and (5) that the purported class action have members, in the aggregate, of 100 or more persons. 28 U.S.C. § 1332(d)(5).

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 4

Here, the Complaint seeks to later obtain certification of a class consisting of all of Defendant Valle Del Sol and all of Defendant Sun Valley Packing's employees who worked any for Defendant during the last four years as hourly paid, non-exempt employees, during the four year period of time before the filing of the Complaint (i.e., **7/11/2018-7/11/2022**).

12. As stated within the Declaration of Mr. Casey Jones, a partner in Defendants, during said 4 year period of time, the Defendant averaged annually at least 1,000 hourly paid non-exempt employees. Said Declaration is filed herewith and incorporated herein. So obviously, the CAFA's 100 Class Member requirement is far exceeded by the fact that Defendants had at least 1,000 employees every year during the relevant four year period of time.

**C. CAFA'S REQUIREMENT OF MINIMAL DIVERSITY IS MET.**

13. The Class Action Fairness Act requires at least "*minimal diversity*" between the parties - - namely, at least one plaintiff class member must be diverse from Defendant Valle Del Sol and Defendant Sun Valley Packing.

14. Defendant Valle Del Sol and Defendant Sun Valley Packing are domiciled citizens in Reedley, California, County of Fresno.

15. A member of a putative class is diverse under 28 U.S.C. 1332 if he or she is domiciled outside of the state of California in either another state of the U.S.A. or in another country such as Mexico. As stated in the Declaration of Mr. Casey Jones, quite a few of the Defendants' approximate 1,000 workers worked for the Defendants in California between May and October and then they return to Mexico, legally, to return to work the following season, legally, under a work visa for the next season. These workers are domiciled in their homes in Mexico, living there in Mexico continually, except for May through October when they work for the Defendants. Under CAFA, minimal diversity is established if only one of the putative class members is diverse. As established in the Declaration of Casey Jones filed herewith, quite a few of his employees are

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 5

permanently domiciled in Mexico and only work for Defendants from May through October when they return to Mexico under their work visas. And his Declaration gives an example of two named putative class members, who are so domiciled in Mexico. Thus, minimal diversity which meets the standards for CAFA removal has been established.

### D. THE CONTROVERSY EXCEEDS $5,000,000.

16. Under CAFA at 28 U.S.C. 1332(d)(2) *"…the controversy must exceed the sum or value of $5,000,000, <u>exclusive</u> of interest or costs…"*.

17. The controversy set forth in the Complaint in light of the fact that the putative class contains at least 1,000 workers or more per year for 4 years, easily exceeds a $5,000,000 prayer for relief.

18. Under CAFA, the articulated claims of all class members are aggregated to determine if the amount in controversy exceeds $5,000,000. <u>28 U.S.C § 1332(d)(6)</u>. Significantly, Congress intended federal jurisdiction to exist under CAFA *"if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendants, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."* (Staff of S. Comm. On the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005, 42 (Comm. Print 2005)). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. (Id at 43) *("overall, new section <u>1332(d)</u> is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")*).

19. When determining the amount that a plaintiff has placed in controversy, a court must *"assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."* (<u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F. Spp. 2d 993, 1001 (C.D. Cal.

DEFENDANT'S NOTICE OF REMOVAL

Campagne & Campagne
A Prof. Corp.
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone (559) 255-1637

Page 6

2002) (internal citations and alternations omitted)). A district court may consider the allegations of the complaint and the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established. (See Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).

20. Defendants deny Plaintiff's allegations of misconduct and intend to defend themselves vigorously against all of Plaintiff's causes of actions. Nevertheless, without admitting that Plaintiff and/or the Putative class can recover any damages, when one considers the number of alleged Putative Class Members, the number of alleged violations of California law, and the four year liability period covered by the State Court Action, the aggregate amount in controversy presented by this case easily <u>exceeds</u> $5,000,000 for purposes of removal <u>based on the following</u>[4]:

21. The Complaint for all of these 1,000 plus putative class members for 4 years seeks the following remedies:

> **First Cause of Action: Alleged Failure to Pay Overtime Wages**. Here in effect, the Plaintiff is alleging that Defendants miscalculated minimum wage and the overtime rate of pay. Here Plaintiff seeks a remedy of unpaid overtime wages, prejudgment interest, attorneys' fees and costs of suit for the class members.

Under California Labor Code Section 1194, any employee receiving less than the legal minimum wage <u>or</u> the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Plus, under California <u>Labor Code Section 1194.2,</u> an employee receiving less than minimum wage is entitled to recover *liquidated damages* in an amount equal to the wages unlawfully unpaid and interest thereon. The allegations of the First Cause of Action support an assumption that Plaintiff is seeking at least one hour of unpaid overtime wages

---

[4] Defendant provides the foregoing calculations solely to demonstrate that the amount in controversy in this case certainly exceeds the jurisdictional minimum. Defendant makes no admission of any liability or damages with respect to any aspect of this case.

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 7

per week for every putative class member.[5] Each year, the 1,000 workers per year worked approximately 6 months, which is 24 weeks. One hour per week would be $11.00 per week, times 24 weeks for 1,000 workers, times four years, which equals a $1,056,000.00 prayer for relief.

> **Second Cause of Action: Alleged Failure to Pay Meal Periods**. Here the Plaintiff class alleges Plaintiff and the other members of the putative class were entitled to a meal period of at least 30 minutes for each work day they worked more than 5 hours in any work day, and one additional hour of pay for every day that a timely meal period was not provided. Plaintiff claims Defendants failed to provide Plaintiff and the other members of the putative class meal periods within the first 5 hours of their work day for each work day that they worked for more than 5 hours in accordance with Labor Code 226.7 and 512.

Thus in the complaint, it is alleged that every putative class member was denied an "off duty" 30 minute meal period pursuant to Labor Code Sections 226.7 and 512, so that every member of the class is praying for a remedy in an amount of "one additional hour" of pay at the employee's regular rate of pay every time that the meal break wasn't provided or was provided late in the day. In that regard, Plaintiff alleges that Defendant…"*maintained and continues to maintain a policy or practice of not paying additional [one hour] of pay to employees for late meal periods.*" Thus Plaintiff seeks for each member of the class one hour of regular rate pay a day plus interest, plus attorneys' fees and costs of suit; plus California Labor Code Section 1194.2 liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Since the putative class members (1,000 plus employees) worked each year between the beginning of May and the end of October (approximately 180 days), a one hour regular rate bonus pay for being given less than a half hour lunch break and/or being given a lunch break too late in the day, amounts to 180 hours of regular pay owing to each worker for principal plus interest,

---

[5] An assumption of a 20% violation rate (i.e., one per week) is reasonable "based on the allegations that Defendant engaged in a uniform policy that led to the violation". Long v. Destination Maternity Corp., No. 15CV2836-WQH-RBB, 2016 WL 160468, at *7-8 (S.D. Cal. 2016).

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 8

attorneys' fees. And 180 days times a regular rate, which even assumed to be only the minimum wage of $11.00 per hour equals $1,980 per worker, times 1,000 workers in a year equals $1,980,000, plus 10% interest of $198,000 is $2,178,000 for one year; times four years is $8,712,000; plus <u>liquidated damages</u> equal to the amount of unpaid wages and interest thereon is $8,712,000 times two (2) which equals for the second cause of action's prayer being $17,424,000.

> **Third Cause of Action: Failure to Provide Rest Periods:** Here the Plaintiff class seeks recovery for the failure to provide a morning and an afternoon rest period. The class seeks one hour of extra pay for each missed rest period.

If you assume only $11.00 per hour, then that is $22.00 dollars a day for each of the approximate 1,000 workers, which is approximately $22,000 per year. That is $88,000 for the 4 claimed years, plus interest and attorney's fees.

> **Fourth Cause of Action: Failure to Pay Wages Timely Upon Cessation of Employment:** Herein the plaintiff alleges on behalf of herself and the class that Labor Code Section 201 and 202 were violated as to each class member in that when someone was discharged or when an entire group pf employees was laid off by reason of the termination of seasonal employment, they did not receive their final paycheck within a reasonable time not to exceed 72 hours. Further the Plaintiff impliedly alleges that even a seasonal layoff should be considered a discharge so that the last paycheck should be paid immediately, rather than within 72 hours. In other words, this cause of action alleges that every one of the approximate 1,000 workers per year for four years is entitled to a remedy. Also the Complaint seeks Labor Code 203 waiting time penalties of an extra 30 days' pay per worker, plus interest, plus legal fees, plus pre-judgment and post-judgment interest.

Therefore, this fourth cause of action seeks waiting time penalties for every worker in the class of 30 days' regular rate pay. If you assume that the regular rate was only $11.00 per hour minimum wage, and not extra because of the incentive pay that they claim should be

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 9

added to it; still 8 hours a day at $11.00 per hour is $88.00 per day. $88.00 times 30 days is $2,640 per worker. That amount times 1,000 workers in 2019 is $2,640,000. Plus three more years to make the four year prayer is an additional $7,920,000. Thus the total for the third cause of action comes to a four year grand total of $10,560,000 in principal, plus interest and attorneys' fees.

**Fifth Cause of Action: Failure to Furnish Accurate Itemized Wage Statements:** Herein Plaintiff alleges on behalf of each class member that the wage statements violated Labor Code § 226(a) because allegedly each paycheck failed to list all overtime compensation earned to every class member and failed to list the corresponding rates of pay for all hours worked. The Plaintiff's prayer for each class member is the actual damages or penalties of $4,000 per Labor Code § 226(a) [sic: actually (e)].

Actually, the penalty provision of Labor Code § 226(e) provides $100 per employee per each weekly paycheck violation, not to exceed an aggregate of $4,000 per worker, plus attorneys' fees and costs. With each class member during the work season of May 1 through October 31 (six months), that is 24 checks per worker, which at $100 per check is $2,400 per worker. $2,400 per worker times 1,000 workers in one year equals $2,400,000. On a four year basis of 1,000 workers per years, this equals $9,600,000. However, Plaintiff neglects to state in the complaint that the four year statute of limitations is inapplicable and actually on itemized wage statements, the one year statute of limitations actually applies to itemized wage statement violations. [Blackwell v. SkyWest Airlines, Inc., 246 F.R.D. 453, 462 (S.D. Cal. 2007); Code Civ. Proc. § 340.] So actually this prayer should be reduced to one year (rather than four), which reduces the prayer down to a $2,400,000 prayer for relief in the fourth cause of action.

**Sixth Cause of Action: Unfair Competition For Failing to Pay All Wages Owing To All Class Members:** Herein, Plaintiff on behalf of all the class members seeks California Business & Professions Code § 17200 et seq. penalties for the same Labor Code violations set forth in the first through fourth causes of action. Here, the Plaintiff on behalf of all the

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 10

> class members seeks to "stack" with "redundant" penalties by requiring Defendant to discourage alleged ill-gotten gains and restore the class members to wrongfully withheld wages pursuant to Business and Professions Code §§ 17202 and/or 17203, plus attorneys' fees pursuant to CCP § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

In other words, this sixth cause of action with regard to alleged labor code wage violations is seeking a remedy which is redundant of causes of actions one through four.

22. **In summary, therefore, as can be seen above, the Complaint's controversy obviously exceeds $5,000,000, so that CAFA removal jurisdiction is established.** Stated another way, when you add up the prayers for each cause of action, it equals <u>a total prayer of $31,528,000</u>, plus attorneys' fees and costs and interest. *See,* <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998)(holding that attorneys' fees may be included when calculating the amount in controversy). The Ninth Circuit has concluded that reasonable attorneys' fees in such circumstances must be considered. *"We conclude . . . that a court* ***must include future attorneys' fees recoverable statute*** *or contract when assessing* ***whether the amount-in-controversy requirement is met*** *. . . [W]hen we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. Accordingly,* ***if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no questions that future [attorneys' fees] are "at stake" in the litigation,'*** *and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy,"* <u>Fritsch v. Swift Trans. Co. of Arizona, LLC</u>, 899 F.3d 785, 794 (9th Cir. 2018) (emphasis added; internal citations omitted). "Indeed, the Ninth Circuit clarified that future attorneys' fees must be included in determining the amount in controversy where such fees are allowed to a prevailing party by law. *Id.* at 794. An award of attorneys' fees is permitted for Plaintiffs' claims. *See, e.g.,* Cal. Labor Code §§ 218.5, 1194; <u>Walker v. Countrywide Home Loans, Inc.</u>, 98 Cal.App. 4th 1158, 1179 (2002)

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 11

(holding that attorneys' fees are available under UCL). Therefore, the court should also consider the amount of attorneys' fees Plaintiff is likely to claim at the conclusion of the litigation as part of the amount in controversy.

23. It is assumable that the attorneys' fees prayer will amount to another <u>25%</u> of the prayed for damages, thus providing further evidence that the amount well exceeds the $5,000,000 minimum. <u>Chavez v. Netlflix, Inc.</u> 162 Cal.App.4th 43, 65 n.11 (2008) *"[S]tudies show that, regardless whether the percentage method on the lodestar method is used, fee awards class actions average around one-third of the recovery"*). When *"determining whether the amount in controversy exceeds the jurisdictional threshold . . . courts have used the 25% benchmark."* <u>Rodriguez v. Cleansource, Inc.</u> 2014 U.S. Dist. LEXIS 106901. * 13 (S.D. Cal. Aug. 4, 2014). The 25% of $31,528,000 equals another $7,882,000, <u>totaling $39,410,000</u>.

### IV. **NOTICE TO PLAINTIFF AND NOTICE TO CALIFORNIA SUPERIOR COURT.**

24. In accordance with <u>28 U.S.C. § 1446(d)</u>, the undersigned counsel certifies that a copy of this "Notice of Removal" and all supporting papers will be promptly served on Plaintiff's counsel, and will be filed with the "Notice to the Superior Court" with the Clerk of the Superior Court of the State of California in and for the County of Tulare.

### V. **CONCLUSION**.

25. **WHEREFORE**, for all the foregoing reasons, Defendants hereby remove the State Court action now pending in the Superior Court of the State of California, County of Tulare, to the United States District Court for the Eastern District of California at Fresno.

Dated: September 14, 2022         Respectfully submitted,

Law Firm of Campagne & Campagne
A Professional Corporation

By _____/s/_____

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 12

|   |   |   |
|---|---|---|
|   |   | Thomas E. Campagne<br>Attorneys for Defendants Valle Del Sol and Sun Valley Packing |

**See Attached Exhibits:**

- **A:** Two Notices of Acknowledgment of Receipt of Summons and the Complaint
- **B:** Answer Filed in Superior Court
- **C:** Notice to Superior Court of This Removal

# PROOF OF SERVICE

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled action. My business address is 1685 N. Helm, Fresno, California 93727.

On September 14, 2022 I served the attached **DEFENDANTS' VALLE DEL SOL AND SUN VALLEY PACKING'S NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION TO THE FEDERAL COURT PURSUANT TO 28 U.S.C. §§1332, 1441, AND 1446** on the parties in this action by placing a true copy in an envelope and delivering it as follows:

_____**(By Overnight Courier)** I caused such envelope, with postage fully prepaid, to be sent by _____.

X_____**(By Mail)** I placed the envelope for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____**(By Hand)** I caused each envelope to be delivered by hand.

X_____**(By CM/ECF/Electronic Mail)** I caused the attached document be sent by electronic mail to the below-described email address(es). My electronic services address is caitlin@campagnelaw.com.

_____**(By Fax)** I caused each document to be sent by facsimile to the below-described number(s).

**Each envelope (and/or fax) was addressed and delivered as follows:**

Gregory Mauro, Esq.  
James R. Hawkins, Esq.  
Michael Calvo, Esq.  
Lauren Falk, Esq.  
Ava Issary, Esq.  
JAMES HAWKINS APLC  
9880 Research Drive, Suite 200  
Irvine, CA 92618  
Tel.: (949) 387-7200  
Fax: (949) 387-6676  
Email: James@jameshawkinsaplc.com  
Email: Greg@jameshawkinsaplc.com  
*Attorneys for Plaintiff*

**Via Email and U.S. Mail**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on September 14, 2022, at Fresno, California. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

_____/s/_____  
Caitlin Grimm

Campagne & Campagne  
A Prof. Corp.  
Airport Office Center  
1685 North Helm Avenue  
Fresno, California 93727  
Telephone (559) 255-1637

DEFENDANT'S NOTICE OF REMOVAL

Page 14